# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2017-0358, <u>Stacey White & a. v. Joseph Foster & a.</u>, the court on March 8, 2018, issued the following order:**

Having considered the briefs, memoranda of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Stacey White, individually, as guardian of J.W. (a minor), and on behalf of the parties' dog, and Cameron White, appeal the order of the Superior Court (<u>Tucker</u>, J.), dismissing their complaint for a writ of mandamus and for declaratory and injunctive relief. The plaintiffs allege that two veterinary practices and five individual veterinarians associated with the practices failed to provide proper care for their dog, resulting in the dog's death. The plaintiffs allege that the defendants, Joseph Foster, Individually, Gordon J. MacDonald, as New Hampshire Attorney General, Nick Willard, Individually, and as Manchester Police Chief, James Boffetti, Individually, and as Chief of New Hampshire's Consumer Protection Bureau, and Peter Bartlett, Individually, and as Hooksett Police Chief, wrongfully declined the plaintiffs' requests to investigate their complaints.

The trial court dismissed the plaintiffs' complaint, ruling that a writ of mandamus was not available, on the ground that the defendants' decisions were discretionary, not ministerial, in nature. The court also ruled that the plaintiffs lacked standing to obtain declaratory relief and that their request for an injunction, in light of its rulings, was moot.

On appeal, the plaintiffs argue that the defendants' decisions not to investigate their claims were ministerial, not discretionary. They argue that they are entitled to declaratory relief because the defendants have "mistaken views of the law," and that they have standing because "any member of the public has standing when the AG engages in illegal conduct, adopts unlawful policies, oversteps his authority, behaves with arbitrariness or caprice, or refuses to perform his duties." They also argue that they have standing because they are crime victims, because they have paid veterinary bills, and because they have been denied their rights of due process and equal protection.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiffs' challenges to it, the

relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**
